IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


LINDA C. WILLIAMS, *for herself
and for all others similarly situated*,

    Plaintiff,

v.                                                      CIV No. 14-1010 SMV/GBW

FOREMOST INSURANCE
COMPANY GRAND RAPIDS,

    Defendant.

## ORDER STAYING DISCOVERY

This matter comes before the Court pursuant to the Rule 16 scheduling conference held on January 26, 2015. *See doc. 29.* In the Joint Status Report submitted to the Court (*doc. 23*), Defendant requested that discovery be stayed until the Court had ruled on Defendant's motions for summary judgment and for dismissal of the putative class action claims. Defendant renewed its motion to stay at the conference. Having heard from both sides, and being fully advised, the Court will stay discovery until the pending summary judgment motion (*doc. 25*) is resolved.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006). Federal Rule of Civil Procedure 26, however, does provide that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(a). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citation omitted).

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have recognized that a full stay of discovery may be appropriate while dispositive issues are being resolved. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In the instant case, Defendant contends that a stay of discovery is appropriate because Defendant's "motions have the potential to completely dispose of (or significantly narrow) the issues in this case and both can be decided without the need for any discovery." *Doc. 23* at 6. Thus, "[s]taying discovery . . . will . . . save the parties, and the Court, considerable time and resources." *Id.* At the Rule 16 conference, the Court asked Plaintiff what information she would need in order to be able to respond to Defendant's pending summary judgment motion, which appeared to involve pure

2

questions of law.  Plaintiff argued that discovery was necessary for two reasons: (1) Defendant's motion did not address Plaintiff's statutory duty claims and thus discovery would be necessary even if the motion were granted, and (2) the question of whether Ms. Williams was a beneficiary under the relevant insurance policy would require factual discovery such as depositions of the insured.

The Court agrees with Defendant that a stay is appropriate at this time.  The summary judgment motion seeks dismissal of the Complaint in its entirety.  Consequently, it could obviate the need for any discovery whatsoever.  Should the Court decide that the Complaint raises a statutory duty claim which is not subject to dismissal based on the motion, discovery on that claim could proceed following the Court's ruling.  The bases of the summary judgment motion appear to involve pure questions of law that can be addressed without the need for discovery.  Nonetheless, granting the stay at this time will not prevent Plaintiff from requesting targeted discovery pursuant to Rule 56(d) should she believe that discovery is "essential to justify [her] opposition."  FED. R. CIV. P. 56(d).  If the Court agrees, the limited discovery would be permitted notwithstanding the stay ordered herein.  Finally, a stay is particularly appropriate here where Plaintiff is seeking the broad discovery attendant to class certification.  If her claims fail as a matter of law, imposing a stay would have prevented significant discovery costs.  Should Plaintiff defeat the motion, the delay will have been relatively short.

Therefore, IT IS ORDERED that discovery in this case is hereby STAYED subject to limited discovery being permitted under Rule 56(d).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE